**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

INTERNATIONAL PAINTERS AND ALLIED )
   TRADES INDUSTRY PENSION FUND and )
GARY J. MEYERS, in his official capacity as )
   a fiduciary, )
7234 Parkway Drive )
Hanover, MD 21076 )
   )
                    Plaintiffs, )   CIVIL ACTION NO.
   v. )
   )
KEYSTONE COMMERCIAL PAINTING, INC. )
d/b/a Keystone Painting and Powercleaning )
900 Locust Street )
Mount Wolf, PA 17347 )
                    Defendant. )

**COMPLAINT**

Plaintiffs, by undersigned counsel, complain as follows.

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§1132, 1145; 29 U.S.C. §185(a); and/or 28 U.S.C. §1331. The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. §1367(a) also extends to any claims that are found to lie under state law.

2. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

**VENUE**

3. Venue lies in Maryland under 29 U.S.C. §1132(e)(2), 29 U.S.C. §185(a) and/or 28 U.S.C. §1391(b).

**PARTIES**

4. Plaintiff International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§1102(a), 1002(16), (21), for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan").

5. The Pension Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint.

6. Plaintiff, Gary J. Meyers ("Meyers" and, together with "Fund," "Plaintiffs") is a fiduciary of the Fund within the meaning of 29 U.S.C. §1002(21) with respect to collection of contributions due the Fund and related matters. He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Fund and the Fund as an organization.

7. The Fund and Meyers, in their capacity as authorized collection fiduciary(ies) and agent(s) sue on behalf of the Pension Plan.

8. Defendant Keystone Commercial Painting, Inc. d/b/a Keystone Painting and Powercleaning ("Company") is Pennsylvania corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption. The Company does

business with the Fund that is sufficient to create personal jurisdiction over the Company in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the Funds' office(s) in this district.

**COMMON FACTS**

9. At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contracts") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union"). A true and correct copy of the cover page, table of contents and contribution provisions of the Labor Contract is attached as Exhibit 1.

10. The Company also signed or agreed to abide by the terms of the Agreement and Declaration of Trust of the Fund ("Trust Agreement"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan document for the Pension Fund. A true and correct copy of the Trust Agreement for the Fund is attached as Exhibit 2. True and correct copies of the cover page, table of contents §§10.07, 10.08, 10.11, and 10.12 and signature page of the Pension Plan are attached as Exhibit 3.

11. Under the Labor Contracts, Trust Agreement, plan document of the Pension Fund or other documents, the Company agreed:

(a) To make full and timely payment on a monthly basis to the Fund, as required by the Labor Contracts, Trust Agreement and plan documents. Ex. 2, p.15 (Art.VI, §2); Ex. 3, §10.07.

(b) To file monthly remittance reports with the Fund detailing all employees or work for which contributions were required under the Labor Contract. Ex. 2, pp.15-16 (Art.VI, §§3, 5).

(c) To produce, upon request by the Fund, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Fund and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreement or Plan. Ex. 2, pp.16-17 (Art.VI, § 6).

(d) To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Fund to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b) and (c). Ex. 2, pp. 16-17 (Art.VI, §§4, 6); Ex. 3, §§10.07, 10.12.

12. All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## **COUNT I - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN**

**ERISA FUNDS**

**v.**

**COMPANY**

13. The allegations of Paragraph 1 through 12 are incorporated by reference as if fully restated.

14. Based on information currently available to the Pension Fund, Company has failed to pay amounts due under the Labor Contracts, Trust Agreement and Plan from

October 2009 through July 2010 in at least the sum of $26,627.24 in violation of 29 U.S.C. §1145, as detailed on the attached Exhibit 4.

15. The Pension Fund is adversely affected and damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against Company in favor of the Plaintiffs, for the benefit of the Pension Fund, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit, together with interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Pension Fund or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreement, plan documents of the Pension Fund, and 29 U.S.C. §1132(g)(2).

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - AUDIT

### PLAINTIFFS

### v.

### COMPANY

16. The allegations of Paragraphs 1 through 12 are incorporated by reference as if fully restated.

17. The amount of contributions the Company is required to pay to the Fund is based upon hours worked and paid to employees performing work covered by the Labor Contracts.

18. The Pension Fund is without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency because the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Company.

19. Computation of the precise amount of an employer's delinquency is best achieved by an audit of the employer's books and records to compare them to contractually-required remittance reports submitted by the employer.

20. No audit of the Company's books and records has been performed.

21. The Company is required by the Labor Contracts, Trust Agreement, plan documents of the Pension Fund and/or applicable law to permit the Fund to audit its records, to cooperate in determining the contributions due the Fund and to pay the cost of the audit if found to be delinquent.

22. The Fund and its fiduciaries or officers are adversely affected or damaged by the lack of an audit as, among other things, they have a duty to audit and confirm amounts due from contributing employers.

23. The Fund and its fiduciaries or officers have no adequate remedy at law for lack of an audit as the calculation of any damages suffered as a result of the breach requires an audit.

**WHEREFORE**, Plaintiffs ask that the Court:

    (1)    Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Company for the period January 2007 to the date of the audit and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due.

    (2)    Order the Company to pay for an audit by a Certified Public Accountant chosen by the Fund, and

    (3)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### PLAINTIFFS

### v.

### COMPANY

24. The allegations of Paragraphs 1 through 23 are incorporated by reference as if fully restated.

25. On information and belief, the Company has failed to make contributions to the Pension Fund in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of limitations or similar bar.

26. The Pension Fund is adversely affected or damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE**, Plaintiffs ask that the Court:

    (1)    After an audit, enter judgment against the Company in favor of Plaintiffs, for the benefit of the Fund, for the contributions found due and owing by the audit,

together with interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document(s) or statute(s), the cost of the audit, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment all as provided under the Trust Agreement, Plan and 29 U.S.C. §1132(g)(2).

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

### PLAINTIFFS

v.

### COMPANY

27. The allegations of Paragraphs 1 through 15 are incorporated by reference as if fully restated.

28. The Company has not paid the Fund as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreement or plan document of the Pension Fund.

29. Based on information currently available to the Plaintiffs, Company has failed to pay amounts due under the Labor Contracts, Trust Agreement and Plan from October 2009 through July 2010 in at least the sum of $26,627.24, as detailed on the attached Exhibit 4.

30. Plaintiffs have been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by Company.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the Fund, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreement.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V - CONTRIBUTIONS UNDER CONTRACT – AFTER AUDIT
## PLAINTIFFS
## v.
## COMPANY

31. The allegations of Paragraphs 1 through 23 are incorporated by reference as if fully restated.

32. Plaintiffs are damaged as a proximate result of the breach of the Labor Contract and its incorporated documents by Company with respect to any amounts found due in an audit.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the Fund, for the sum certain currently due plus any additional amounts which

9

become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreement.

  (2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

           Respectfully submitted,

           /s/ Corey Smith Bott
           Corey Smith Bott
           Bar No. 25673

           /s/ Brian G. Esders
           Brian G. Esders
           Bar No. 28745
           Abato, Rubenstein and Abato, P.A.
           809 Gleneagles Court, Suite 320
           Baltimore, MD 21286
           (410) 321-0990

           Judith Sznyter*
           Jennings Sigmond, P.C.
           The Penn Mutual Towers, 16th Floor
           510 Walnut Street, Independence Square
           Philadelphia, PA 19106-3683
           (215)351-0641
           Attorneys for Plaintiffs

Date: September 27, 2010

*Application for Pro Hac Admission of Judith Sznyter shall be made at the appropriate time.